UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No.: 8:19-cr-263-VMC-TGW

BLAINE JOYNER COGLIANESE

_____________________________/

**ORDER**

This cause comes before the Court pursuant to Defendant Blaine Joyner Coglianese's pro se Motion for Compassionate Release (Doc. # 92), filed on July 17, 2026. The United States of America responded on August 12, 2026. (Doc. # 97). For the reasons set forth below, the Motion is denied.

## I. Background

On May 21, 2020, the Court sentenced Mr. Coglianese to a total of 168 months of imprisonment and 360 months of supervised release for one count of coercion and enticement of a minor, two counts of receipt of child pornography, and two counts of transportation of child pornography. (Doc. ## 1, 73, 74). Mr. Coglianese is 31 years old and housed at Williamsburg FCI. His anticipated release date is December 29, 2031.

Now, Mr. Coglianese seeks compassionate release from prison under Section 3582(c)(1)(A). (Doc. # 92). He argues

that compassionate release is appropriate because he is the only available caregiver for his ailing mother and that, in December 2021, he was the victim of physical abuse inflicted by Bureau of Prisons ("BOP") staff members at FCC Beaumont Low. (Id. at 6, 20, 29-35). Mr. Coglianese's mother has recently been diagnosed with early-onset Alzheimer's, and Mr. Coglianese is her only child and closest living relative. (Id. at 20).

The United States has responded (Doc. # 97), and the Motion is now ripe for review.

## II. Discussion

The United States first argues that the Motion should be denied because Mr. Coglianese has not established an extraordinary and compelling reason for compassionate release and, alternatively, that the 3553(a) factors weigh strongly against his release. (Id.). The Court agrees on both counts.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). The First Step Act of 2018 expressly permits district courts to reduce a previously imposed term of imprisonment. United States v. Williams, 25 F.4th 1307 (11th Cir. 2022). If the exhaustion requirement is satisfied, a district court may

reduce a prisoner's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." United States v. Alonge, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

"[T]here are now six extraordinary and compelling reasons justifying relief under § 1B1.13: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an unusually long sentence." United States v. Allen, No. 1:09-cr-320-TCB, 2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024). As relevant here, Section 1B1.13 includes the following qualifying family circumstance: "The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). Section 1B1.13 also addresses what abuse qualifies as an extraordinary and compelling reason for release:

> The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
>
> (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or
>
> (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);
>
> that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.
>
> For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

U.S.S.G. § 1B1.13(b)(4).

In his Motion, Mr. Coglianese relies on the "family circumstances" and "victim abuse" categories of § 1B1.13. His mother has been recently diagnosed with early-onset Alzheimer's and remains in the earlier stage of impairment. (Doc. # 92 at 20-22). According to her treating doctor, she has demonstrated progressive changes in memory, executive function, and ability to manage complex tasks independently. (Id.). Mr. Coglianese argues she would benefit from his release because he is the only available relative to care for her. (Id.).

Additionally, Mr. Coglianese alleges he was physically abused by BOP staff members at FCC Beaumont Low, and sustained injuries to his hip, back, and head such that he now requires a cane to walk. (Id. at 29-35). He also claims to be suffering from post-traumatic stress disorder associated with the events that took place at FCC Beaumont. (Id.). Mr. Coglianese argues for a reduced prison sentence on the grounds that he "suffered significant mental and physical duress caused by an assault" by BOP staff. (Id. at 6).

These allegations are insufficient to establish an extraordinary and compelling reason for compassionate release. As set forth in the Motion, both Mr. Coglianese and his mother's treating neurologist attest that she is in the early stages of Alzheimer's disease — a degenerative condition that is expected to progress over time. (Id. at 20, 22). Mr. Coglianese has not established that his mother is presently "incapacitated"; rather, he has demonstrated only that his mother will likely become "incapacitated" at some point in the future. Because Mr. Coglianese has not established that his mother is presently incapacitated, the Court need not analyze whether he is the only available caregiver for her. U.S.S.G. § 1B1.13(b)(3)(C); see also United States v. Gonzalez, No. 11-cr-20474, 2024 WL 2882847,

at *3 (S.D. Fla. Feb. 28, 2024) (denying compassionate release where the defendant's stepfather had a "deteriorating health condition" but "no verifiable medical documentation seems to indicate that [he] is incapable of self-care").

Further, under the victim of abuse category, a motion for compassionate release must establish the alleged misconduct by "a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding." U.S.S.G. § 1B1.13(b)(4)(B). The record here does not establish the alleged misconduct by a criminal conviction, civil or administrative finding, or admission of liability. See United States v. Mikle, No. 12-20420-cr, 2024 WL 4198158, at *3 (S.D. Fla. Sept. 16, 2024) (denying compassionate release to a defendant who alleged he was physically assaulted by BOP staff because he "fail[ed] to establish a finding of misconduct in an administrative proceeding"). Rather, the only proceeding found in the record was Mr. Coglianese's administrative tort claim under the Federal Tort Claims Act, which was denied after investigation. (Doc. # 97-1; Doc. # 97-2). There is no indication that the proceeding was unduly delayed, as Mr. Coglianese received a decision within six months of submitting his claim. Nor is there any indication that he is

in imminent danger, given that the alleged assault occurred at FCC Beaumont in Texas, and he is now housed at FCI Williamsburg in South Carolina. U.S.S.G. § 1B1.13(b)(4)(B).

While the Court is sympathetic to Mr. Coglianese, he has not met his burden of establishing that his mother's medical needs qualify him for release under the family circumstances category, nor has he established that the alleged assault qualifies him for release under the victim of abuse category. Accordingly, the Motion is denied.

Regardless, even if the Court assumed that Mr. Coglianese had established an extraordinary and compelling reason for release, compassionate release still would not be granted. Before granting compassionate release, the Court must determine that the defendant is not a danger to any other person or the community, U.S.S.G. § 1B1.13(2), and that the 18 U.S.C. § 3553(a) factors favor early release. Notably, Section 3553(a) requires the imposition of a sentence that, among other things, protects the public and reflects the seriousness of the crime.

The Court finds Mr. Coglianese to be a danger to others and agrees with the United States that the Section 3553(a) factors weigh against release. (Doc. # 97 at 8-9). Mr. Coglianese was convicted of serious offenses involving the

exploitation of a minor. Additionally, Mr. Coglianese has served less than seven years of his fourteen-year sentence, such that compassionate release would not reflect the seriousness of his crimes. To protect the public, deter future crimes, and promote respect for the law, Mr. Coglianese must serve the rest of his sentence.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant Blaine Joyner Coglianese's pro se Motion for Compassionate Release (Doc. # 92) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of September, 2026.

Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE